UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA L. CUREY,

        Plaintiff,        Case Number: 2:07-CV-12504

v.        HON. NANCY G. EDMUNDS

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
        _____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Joshua L. Curey, a state inmate currently incarcerated at the Gus Harrison Correctional Facility, in Adrian, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-2202, 29 U.S.C. § 794, and 42 U.S.C. §§ 12131-12132. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

**I.**

Plaintiff names a single defendant, the Michigan Department of Corrections (MDOC).

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

Plaintiff alleges that he has been the victim of "discriminatory physical abuse" resulting in permanent damage, violating his rights under the Eighth and Fourteenth Amendments. Complaint at p. 1. Plaintiff states that his hand was broken on April 26, 2005, when he punched a wall while in the custody of the Hillsdale County Sheriff's Department. He was treated at Hillsdale Community Hospital and his hand was placed in a cast.

Accordingly to Plaintiff, on May 3, 2005, while transporting Plaintiff, MDOC officers broke his cast, and refused to allow Hillsdale County Jail medical staff to reset his hand. Plaintiff was not provided a new cast until May 6, 2005, when he was treated at Dwayne Waters Hospital. On May 12, 2005, Plaintiff was admitted to William Foote Hospital for treatment of an infection that was not responding to medication. Subsequently, doctors surgically repaired Plaintiff's hand.

## A.

Plaintiff claims that the MDOC violated his rights under the Eighth and Fourteenth Amendment when medical treatment was either denied or delayed. The MDOC is not a "person" who may be sued under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

## B.

Plaintiff also states that he seeks relief under several other statutes. First, he seeks relief under the Americans with Disabilities Act. To make out a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: "(1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the

benefits of, or being subjected to discrimination under the program solely because of his disability." Dillery v. City of Sandusky, 398 F.3d 562, 567 (6th Cir.2005). The ADA in turn defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). The Court concludes Plaintiff has failed to allege facts sufficient to support a finding that his hand injury "substantially limits one or more of [his] major life activities." Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §§ 12131-12132.

Plaintiff also seeks relief under 42 U.S.C. § 2000h, which concerns criminal and civil contempt proceedings. This section is irrelevant to Plaintiff's claims and Plaintiff makes no specific allegations related to this statutory section.

Next, Plaintiff seeks relief under the Rehabilitation Act of 1973, 29 U.S.C. § 701-797(b), as amended by 29 U.S.C. § 794. The Rehabilitation Act prohibits a program receiving federal funding from discriminating against an "otherwise qualified individual with a disability." 29 U.S.C. § 794(a). Even assuming that the MDOC receives federal funding, Plaintiff fails to state a claim under the Rehabilitation Act. While Plaintiff alleges his injury was not adequately treated, he has not alleged that the defendants deprived him of any service, program, or activities because of his disability. Therefore, he fails to state a claim upon which relief may be granted under 29 U.S.C. § 794.

Finally, Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Declaratory Judgment Act is "not an independent source of federal jurisdiction."

Louisville and Nashville R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir. 1983). It "only provides courts with discretion to fashion a remedy." Heydon v. MediaOne of Southeast Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). Since the Court determines that Plaintiff fails to state a claim upon which relief may be granted with respect to any of his claims, he is not entitled to declaratory relief.

## II.

The Court finds that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court **ORDERS** Plaintiff's complaint **DISMISSED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 12, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 12, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager